**[Cite as *State v. Miller*, 2024-Ohio-279.]**

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff - Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| SHAWN A. MILLER, | : | Case No. 2023 AP 03 0022 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:          Appeal from the Tuscarawas County
                                  Court of Common Pleas, Case No.
                                  2022 CR 04 0139


JUDGMENT:                         Affirmed


DATE OF JUDGMENT:                 January 25, 2024


APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

KRISTINE W. BEARD                         AARON KOVALCHICK
Assistant Prosecuting Attorney            116 Cleveland Avenue NW, Suite 808
Tuscarawas County Prosecutor's Office     Canton, Ohio 44702
125 E. High Ave.
New Philadelphia, Ohio 44663

*Baldwin, J.*

{¶1} The appellant appeals the trial court's imposition of the balance of his post-release control time following his plea of guilty to new crimes committed while on post-release control.

## STATEMENT OF THE FACTS AND THE CASE

{¶2} On April 15, 2022, the appellant was indicted by the Tuscarawas County Grand Jury on one count of having weapons while under disability in violation of R.C. 2923.13, a third-degree felony; two counts of aggravated possession of drugs in violation of R.C. 2925.11(A), fifth degree felonies; one count of possession of a fentanyl related compound in violation of R.C. 2925.11(A), a fifth-degree felony; and, one count of illegal use or possession of drug paraphernalia in violation of R.C. 2925.14(C)(1), a fourth degree misdemeanor. The appellant was on post-release control at the time he was alleged to have committed the offenses. He was arraigned on May 12, 2022, at which time he pleaded not guilty to the charges.

{¶3} On January 9, 2023, the appellant appeared with counsel before the trial court for a Change of Plea Hearing and changed his plea to guilty on all counts. Prior to the hearing the appellant executed an Acknowledgement of Guilty Plea form which specifically stated in part: "I understand that if I am now on felony probation, parole, under a community control sanction, or under post release control from prison, this plea may result in revocation proceedings and any new sentence could be imposed consecutively."

{¶4} Prior to the trial court's acceptance of the appellant's change of plea to guilty, his counsel advised the court that he had reviewed with the appellant the six-page Acknowledgement of Guilty Plea form, including the notice that the conviction on the new

charge could result in the revocation of the appellant's post-release control on the unrelated charge and the imposition of a consecutive sentence for the violation. In addition, the trial court addressed the Acknowledgement of Guilty Plea form with the appellant, and advised him that if he was "currently on felony probation, parole, community control sanctions or post release control, a plea to a new charge could result in revocation proceedings."

{¶5}    Further, the trial court advised the appellant of his constitutional rights and the maximum penalties for each count in the indictment, and addressed the appellant's satisfaction with counsel and the terms of post-conviction release. The trial court accepted the appellant's guilty plea and scheduled the matter for a sentencing hearing in order for a presentence investigation to be completed.

{¶6}    The matter proceeded to sentencing on March 20, 2023. Earlier the same day, the appellant had been sentenced in yet another unrelated criminal case to serve an aggregate twenty-four months in prison. During the sentencing hearing, the appellee noted that community control had not been granted in the other criminal matter, and changed its recommendation to imposition of a twenty-four month prison sentence to run concurrently with the other twenty-four month prison term.

{¶7}    The trial court addressed the appellant directly, stating "…the offense in this case was committed June fifteenth of twenty twenty-one, you had just been released from prison February that year. You were on post release control when the offense was committed". The trial court went on to note that the appellant had "roughly thirty-three felony convictions," and noted further that the original sentencing hearing had been continued from March 2, 2023 because the appellant had failed to appear and a capias

had to be issued for his arrest. The trial court noted the appellant had engaged in crimes of violence, including escape; intimidation of an attorney, victim, and witness in a criminal case; and, robbery.

{¶8}     In addition, the trial court stated that the appellant had engaged in ongoing criminal behavior in spite of the sanctions imposed, "including seven prison terms", "non-compliance with PRC", and "[f]our admissions to community based correctional facilities." The trial court spoke directly to the appellant, stating that "your most recent release from prison was January twenty-second, and so in spite of that, within five weeks you're again non-compliant with court orders, so recidivism would appear to be more likely."

{¶9}     The trial court further stated, "You haven't complied with post release control. You've had multiple revocations. And even while on bond in this case, when I granted the OR bond with some hesitation, you still didn't show up for court." The trial court then sentenced the appellant to an aggregate thirty-six month prison sentence to run concurrently with the twenty-four month sentence imposed in the other criminal matter earlier that morning.

{¶10}   The trial court also addressed the imposition of the appellant's post-release control time, stating "I am imposing your PRC time. That is a five hundred and sixty-one day consecutive sentence. At this point I believe your PRC, you've been back on sanctions at least twice . . . but this is precisely the kind of behavior that leads to that PRC enhancement. And so for the balance of the time, the Court can impose the greater of the time remaining or twelve months. In this case it is the five hundred and sixty-one days. That is required to be imposed consecutive to the thirty-six months."

**{¶11}** The trial court issued a Judgment Entry of Conviction and Sentence memorializing the appellant's sentence, including the 561 days for his violation of the terms of his post-release control.

**{¶12}** The appellant filed a timely appeal in which he sets forth the sole assignment of error:

**{¶13}** "I. THE TRIAL COURT ABUSED ITS DISCRETION BY IMPOSING A PRISON TERM FOR A VIOLATION OF POST RELEASE CONTROL."

## STANDARD OF REVIEW

**{¶14}** Trial courts have discretion regarding whether or not to impose the balance of a term of post-release control when sentencing an offender who has committed a new offense while on post-release control. *State v. Boyd,* 5th Dist. Tuscarawas No. 2018 AP 05 0023, 2018-Ohio-4709, ¶10. In order to find an abuse of discretion, we must find that the trial court's decision was unreasonable, arbitrary or unconscionable, and not merely an error of law or judgment. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

## ANALYSIS

**{¶15}** R.C. 2929.141 addresses the commission of an offense by a person under post-release control, and states in pertinent part:

(A)     Upon the conviction of or plea of guilty to a felony by a person on

post-release control at the time of the commission of the felony, the court

may terminate the term of post-release control, and the court may do either

of the following regardless of whether the sentencing court or another court

of this state imposed the original prison term for which the person is on post-release control:

(1)     In addition to any prison term for the new felony, impose a prison term for the post-release control violation. The maximum prison term for the violation shall be the greater of twelve months or the period of post-release control for the earlier felony minus any time the person has spent under post-release control for the earlier felony. In all cases, any prison term imposed for the violation shall be reduced by any prison term that is administratively imposed by the parole board as a post-release control sanction. A prison term imposed for the violation shall be served consecutively to any prison term imposed for the new felony. The imposition of a prison term for the post-release control violation shall terminate the period of post-release control for the earlier felony.

{¶16} Thus, the trial court has the discretion to impose a prison term for the appellant's violation of his post-release control violation; if it imposes a prison term, it is required by statute to do so consecutively.

{¶17} According to the record, the trial court exercised its discretion to impose the appellant's remaining post-release control time due to his commission of new crimes while on PCR, his extensive prior record, and his failure to respond favorably to previously imposed prison terms and post-control release opportunities. The appellant engaged in ongoing criminal behavior in spite of the sanctions imposed, including seven prison terms, non-compliance with PRC, and four admissions to community based correctional facilities. Based upon the appellant's history, the trial court determined that recidivism

was likely. We find that the trial court did not act unreasonably, arbitrarily, or unconscionably in imposing the appellant's post-release time to be served consecutively with his sentence for his new crimes.

## CONCLUSION

{¶18} The appellant's sole assignment of error is overruled, and the judgment of the Tuscarawas County Court of Common Pleas is hereby affirmed.

By: Baldwin, J.

Hoffman, P.J. and

Wise, John, J. concur.